**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL C. SUMNER and<br>SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC. d/b/a<br>THE GEORGIAN TERRACE<br>HOTEL; FUJITEC AMERICA, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. |

**<u>NOTICE OF REMOVAL</u>**

COME NOW, Defendants, SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL and FUJITEC AMERICA, INC. ("Defendants"), and, within the time prescribed by law, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully showing the Court as follows:

1.

On February 23, 2026, Plaintiffs filed this lawsuit against Defendants, in the State Court of Fulton County, which is in the Atlanta Division of this Court. This suit was styled accordingly and numbered Civil Action File No. 26EV001888in that Court. <u>See</u> *Complaint*.

2.

True and correct copies of all filings to date in the State Court of Fulton County are collectively attached hereto as Exhibit “A”.

3.

In their Complaint, Plaintiffs did not allege or indicate a specified amount of medical bills. *See generally* Complaint. Accordingly, at the time Defendants were served, Defendants were unable to ascertain the amount in controversy.

4.

On March 27, 2026, Defendant Sotherly Hotels served its First Requests for Admissions to Plaintiff Michael Sumner. Plaintiff Michael Sumner served his responses to Defendant Sotherly Hotels’ First Requests for Admissions on April 27, 2026.

5.

In response to Requests for Admissions Nos. 1 and 2, Plaintiff Michael Sumner confirmed that the amount in controversy and the damages he will seek in the instant matter are greater than $75,000.00. *See* Plaintiff Michael Sumner’s Responses to Defendant Sotherly Hotels’ First Requests for Admissions, attached hereto as Exhibit “B.”

6.

This Notice of Removal is filed within 30 days of April 27, 2026, the date on which Defendants received Plaintiff Michael Sumner's Responses to Defendant Sotherly Hotels' First Requests for Admissions. This Notice of Removal is also filed within one year of the commencement of the action. Thus, removal is timely under 28 U.S.C. § 1446(b).

7.

Defendants have given notice of the filing of this Notice of Removal to Plaintiffs by notifying their attorneys of record, William R. Story, Esq., and Jackson A. Griner, Esq. Defendants have filed a Notice of Filing Removal with the Clerk of the State Court of Fulton County, and a copy of said Notice is attached hereto as Exhibit "C".

8.

Removal to this court is proper and timely pursuant to 28 U.S.C. § 1446(a), (b) and (c).

***DIVERSITY JURISDICTION – CITIZENSHIP***

9.

A natural person's "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (internal quotations omitted). Domicile is determined by two factors:

"residence in a state and an intention to remain there indefinitely." *Id*. (internal quotations omitted). Based upon the pleadings and evidence in this action, Plaintiffs were domiciled in Georgia when they filed the Complaint because they were permanent Georgia residents and intended to remain in Georgia. Accordingly, Plaintiffs are Georgia citizen for diversity jurisdiction purposes.

10.

A corporation is a citizen of its state of incorporation and the state where it maintains its principal place of business. 28 U.S.C.A. § 1332(c)(1).

11.

At all times relevant to this action, Defendant Sotherly Hotels was a foreign corporation with its principal place of business in a state other than Georgia. *See* Complaint at ¶ 2. Defendant Sotherly Hotels is a Virginia corporation and its principal place of business is in Williamsburg, Virginia. Accordingly, Defendant Sotherly Hotels is a citizen of Virginia for diversity jurisdiction purposes.

12.

At all times relevant to this action, Defendant Fujitec was a foreign corporation with its principal place of business in a state other than Georgia. *See* Complaint at ¶ 3. Defendant Fujitec is a Delaware corporation and its principal place of business is in Mason, Ohio. Accordingly, Defendant Fujitec is a citizen of Delaware and Ohio for diversity jurisdiction purposes.

13.

Defendants were not citizens of the State of Georgia on the date of filing of this lawsuit and have not been at all times relevant to this lawsuit.

14.

Because Plaintiffs and Defendants were citizens of different states when the Complaint was filed, complete diversity exists between Plaintiffs and Defendants in accordance with 28 U.S.C. § 1332(a)(1).

***DIVERSITY JURISDICTION – AMOUNT IN CONTROVERSY***

15.

This lawsuit arises out of an alleged elevator incident involving Plaintiffs on or about June 25, 2025 in Fulton County, Georgia.

16.

Per Plaintiff Michael Sumner's responses to Defendant Sotherly Hotels' First Request for Admissions, he will seek damages greater than $75,000.00.

17.

As such, the amount in controversy requirement under 28 U.S.C. § 1332(a) is satisfied.

18.

This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. § 1441. This Court has original jurisdiction over this matter pursuant to 28

U.S.C. § 1332(a)(1) and (b), because there is complete diversity of citizenship between Plaintiffs and Defendants, who are not citizens of Georgia, and the amount in controversy exceeds $75,000.00. By filing this Notice of Removal, Defendants do not waive any of their affirmative defenses.

WHEREFORE, Defendants, SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL and FUJITEC AMERICA, INC., pray that this case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 26th day of May, 2026.

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly G. Chartash***
Kelly G. Chartash
Georgia Bar No. 602721
Trisha D. Hyatt
Georgia Bar No. 792667
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
(404) 874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com
*Attorneys for Defendant Sotherly Hotels, Inc.*

DREW ECKL & FARNHAM, LLP

***/s/ Robert A. Quinn***
Matthew A. Nanninga
Georgia Bar No. 159070
Robert A. Quinn
Georgia Bar No. 473668
(*with express permission*)
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
(404) 885-1400
cdaley@brockmaninjurylawyer.com
jbrockman@brockmaninjurylawyer.com
*Attorneys for Defendant Fujitec America, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that I have electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court by e-filing the same using the CM/ECF System, which will automatically send e-mail notification of said filing to the following attorneys of record:

William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrence Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com
*Attorneys for Plaintiff*

Matthew A. Nanninga
Robert A. Quinn
Drew Eckl & Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
mnanninga@deflaw.com
rquinn@deflaw.com
*Attorneys for Defendant Fujitec America, Inc.*

This 26th day of May, 2026.

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly Chartash***
KELLY G. CHARTASH
Georgia State Bar No. 602721
TRISHA D. HYATT
Georgia Bar No. 792667
*Attorneys for Defendant Sotherly Hotels Inc.*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com

4896-5338-5133, v. 1

# EXHIBIT A

State Court of Fulton County
**E-FILED**
26EV001888
2/23/2026 5:26 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** 26EV001888

MICHAEL C. SUMNER and
SHANNON SUMNER,
305 Lawrence Street NE, Ste. 3C, Marietta, GA 30060

Plaintiff's Name, Address, City, State, Zip Code

vs.

Fujitec America, Inc.

289 S Culver Street Lawrenceville, GA 30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____________ |
| [—] TORT | |
| [—] PERSONAL INJURY | ATTY. FEES $_____________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ ___________ |
| [ ] SPECIAL LIEN | |

************

[—] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. __________________

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: William Story

Address: 305 Lawrence Street NE, Ste. 3C

City, State, Zip Code: Marietta, GA 30060 Phone No.: 678-222-2347

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

***SERVICE INFORMATION:***

Served, this _______ day of ____________________, 20______. ______________________________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for ______________________________________________________________________

______________________________________________________________________

This _________ day of _______________________, 20_____. ______________________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
26EV001888
2/23/2026 5:26 PM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY** **DO NOT WRITE IN THIS SPACE**

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** 26EV001888

MICHAEL C. SUMNER and
SHANNON SUMNER,
305 Lawrence Street NE, Ste. 3C, Marietta, GA 30060

Plaintiff's Name, Address, City, State, Zip Code

vs.

SOTHERLY HOTELS, INC d/b/a THE
GEORGIAN TERRACE HOTEL
2 Sun Court, Ste. 400 Peachtree Corners, 30092

Defendant's Name, Address, City, State, Zip Code

| **TYPE OF SUIT** | **AMOUNT OF SUIT** |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____________ |
| [—] TORT | |
| [—] PERSONAL INJURY | ATTY. FEES $_____________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ ___________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [—] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _______________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: William Story

Address: 305 Lawrence Street NE, Ste. 3C

City, State, Zip Code: Marietta, GA 30060 Phone No.: 678-222-2347

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

---

***SERVICE INFORMATION:***

Served, this _______ day of ___________________, 20______. ________________________________________

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for ____________________________________________________________________________

____________________________________________________________________________________________

This _________ day of _____________________, 20_____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
26EV001888
2/23/2026 9:45 AM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MICHAEL C. SUMNER and SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC d/b/a THE GEORGIAN TERRACE HOTEL; FUJITEC AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. ____________ |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiffs Michael C. Sumner and Shannon Sumner ("Plaintiffs"), and hereby files this their Complaint for Damages against Defendants Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel and Fujitec America, Inc. (hereinafter collectively "Defendants"), and respectfully show this Honorable Court as follows:

**PARTIES, JURISDICTION, & VENUE**

1.

Plaintiffs are residents of Georgia. Plaintiffs reside in Gilmer County.

2.

Defendant Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel ("Defendant Sotherly") is a foreign corporation authorized to conduct business in the State of Georgia, with its principal place of business located in Virgina. Defendant is subject to service through its registered agent of service, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.

Defendant Fujitec America, Inc. ("Defendant Fujitec") is a foreign corporation authorized to conduct business in the State of Georgia, with its principal place of business located in Ohio. Defendant is subject to service through its registered agent of service, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

4.

Defendants have been properly served with process in this action.

5.

Jurisdiction and venue are proper as to the Defendants in Fulton County, Georgia.

**FACTUAL ALLEGATIONS**

6.

On or about June 25, 2025, Plaintiff Michael Sumner and his wife, Shannon Sumner, who is elderly and disabled and uses a wheelchair for mobility, were guests at The Georgia Terrace Hotel, which is owned and operated by Defendant Sotherly and is located at 659 Peachtree Street NE, Atlanta, GA 30308.

7.

Plaintiff Michael Sumner, who is also elderly, was serving as caretaker for his wife during their stay at The Georgia Terrace Hotel.

8.

On June 25, 2025, Plaintiffs were using the Elevator, which was located in The Georgia

Terrace Hotel.

9.

Because of Plaintiff Shannon Sumner's wheelchair, Plaintiff Michael Sumner typically helped her enter elevators by pulling her wheelchair backward, so that the wheelchair wheels would easily pass over the threshold between the elevator and the floor, allowing them to enter the elevator safely.

10.

As Plaintiff Michael Sumner was in the process of pulling his wife backward into the Elevator on June 25, 2025, the doors of the Elevator suddenly and unexpectedly closed around Plaintiff Michael Sumner's body.

11.

After closing, the Elevator doors failed to reopen or release Plaintiff as intended. Plaintiff Michael Sumner was left pinned between the pressing doors and the handlebars of his wife's wheelchair, causing excruciating pain.

12.

The Elevator doors remained pinned around Plaintiff Michael Sumner for far longer than they were designed to, leaving him trapped and causing severe injuries.

13.

As a direct and proximate result of the Elevator doors closing on Plaintiff Michael Sumner and failing to reopen, Plaintiff sustained severe and serious injuries to his hips, back, and arms, the extent of which will be proven at trial.

14.

Plaintiff Michael Sumner's injuries have caused him significant pain and suffering, both physical and emotional.

15.

Plaintiff Michael Sumner has not fully recovered from his injuries, and he continues to suffer from the effects of nearly being crushed by The Georgia Terrace Hotel's Elevator.

16.

As a result of his injuries, Plaintiff Michael Sumner has incurred and continues to incur substantial medical expenses for treatment, therapy, medication, and ongoing care.

17.

Plaintiff Michael Sumner has suffered and continues to suffer lost wages, loss of earning capacity, and diminished quality of life.

18.

Plaintiff Shannon Sumner has suffered and continues to suffer a loss of consortium stemming from Plaintiff Michael Sumner's sever injuries.

19.

At all times material to this Complaint, Defendant Sotherly owned, operated, maintained, controlled, and/or managed the premises of The Georgian Terrace Hotel, including the subject elevator (hereinafter, the "Elevator").

20.

At all times material to this Complaint, Defendant Fujitec was responsible for maintaining, servicing, inspecting, and/or repairing the Elevator pursuant to a contract or agreement with Defendant Sotherly.

21.

Upon information and belief, at all times material to this Complaint, Defendant Fujitec was responsible for designing, manufacturing, marketing, distributing, selling, and/or otherwise placing Elevator into the stream of commerce, which allowed Defendant Sotherly to acquire the Elevator.

22.

Upon information and belief, Defendant Fujitec knew of safer alternative designs that were technologically feasible, economically practicable, and fundamentally safer at the time of manufacture of the Elevator but chose not to implement any such alternate designs into its construction of the Elevator in favor of using a design that Defendant Fujitec knew or should have realized was unreasonably dangerous and would result in severe injuries.

23.

Upon information and belief, Defendant Fujitec willfully, recklessly, and/or wantonly continued to manufacture and sell models, like the Elevator, to the public as so designed in a defective and unsafe condition, and it maintained the Elevator Models in the stream of commerce at the time of the sale of the Elevator, after becoming aware of a need for changes to its design and manufacturing processes.

24.

The defective and dangerous condition of the Elevator was apparent or should have been apparent to Defendant Fujitec at the time of the sale of the Elevator.

25.

Defendant Fujitec failed to adequately warn the public, including purchasers and users of the Elevator, even though it knew or should have known of the defective and unreasonably dangerous condition of the Elevator.

26.

The Elevator posed a foreseeable risk of danger when it was sold because of the inadequate warnings and instructions and was otherwise not reasonably suited for its intended use because of such failures.

27.

The foreseeable risks of harm posed by the Elevator could have been reduced or avoided by the provision of reasonable instructions or warnings by Defendant Fujitec. The omission of such instructions or warnings rendered the Elevator unsafe.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT SOTHERLY

28.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth and restated herein.

29.

At all times material hereto, Defendant Sotherly owed a duty to Plaintiff, as a business invitee on its premises, to exercise ordinary care to keep the premises and approaches safe and to warn of any hazards of which the owner knew or should have known.

30.

Defendant Sotherly breached the duty of care it owed to Plaintiffs by failing to keep the premises and approaches safe, and by failing to warn of hazards it knew or should have known about, including the Elevator that caused harm to Plaintiffs.

31.

As a direct and proximate result of Defendant Sotherly's breach of the legal duties owed to Plaintiffs, Plaintiffs sustained the severe injuries, incurred significant medical expenses, and have suffered considerable pain and suffering, the full extent of which will be conclusively proven at trial.

**COUNT II – NEGLIGENCE PER SE AGAINST DEFENDANT SOTHERLY**

32.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 30 as though fully set forth and restated herein.

33.

At all times material hereto, Defendant Sotherly owned, operated, maintained, controlled, and managed the premises of The Georgian Terrace Hotel, including the elevators located therein.

34.

Under Georgia law, "[e]very elevator . . . shall be maintained by the owner or lessee in a safe operating condition and in conformity with the rules and regulations specified by subsection (b) of Code Section 8-2-104." *See* O.C.G.A. § 8-2-101(b). Moreover, in Georgia, "[w]hen the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, . . . the injured party may recover for the breach of such legal duty if he suffers damage thereby." O.C.G.A. § 51-1-6.

35.

Defendant Sotherly breached the duty owed to Plaintiffs under O.C.G.A. § 8-2-101 by failing to keep the Elevator located in The Georgian Terrace Hotel in a safe operating condition and in conformity with the rules and regulations specified by Code Section 8-2-104.

36.

As a direct and proximate result of Defendant Sotherly's breach of the legal duties owed to Plaintiffs under O.C.G.A. § 8-2-101, Plaintiffs sustained the severe injuries, incurred significant medical expenses, and have suffered considerable pain and suffering, the full extent of which will be conclusively proven at trial.

**COUNT III – NEGLIGENCE AGAINST DEFENDANT FUJITEC**

**(Negligence Claim Based on Failing to Properly maintain, service, inspect, repair, etc.)**

37.

Plaintiffs hereby realleges and incorporates by reference paragraphs 1 through 35 as though fully set forth and restated herein.

38.

At all times material hereto, Defendant Fujitec owed a duty to Plaintiffs and other users of the Elevator in The Georgian Terrace Hotel to exercise ordinary care in maintaining, servicing, inspecting, and repairing the Elevator.

39.

Defendant Fujitec breached the duty of care it owed to Plaintiffs by failing to properly maintain, service, inspect, and repair the Elevator in a reasonable manner.

40.

As a direct and proximate result of Defendant Fujitec's breach of the legal duties owed to Plaintiffs, Plaintiffs sustained the severe injuries, incurred significant medical expenses, and have suffered considerable pain and suffering, the full extent of which will be conclusively proven at trial.

**COUNT IV – NEGLIGENCE AGAINST DEFENDANT FUJITEC**
**(Negligence Claim Based on Failing to Properly design, manufacture, market, distribute, sell, etc.)**

41.

Plaintiffs hereby realleges and incorporates by reference paragraphs 1 through 39 as though fully set forth and restated herein.

42.

At all times material hereto, Defendant Fujitec owed a duty to Plaintiff and other users of the Elevator in The Georgian Terrace Hotel to exercise ordinary care in designing, manufacturing, marketing, distributing, selling, and/or otherwise placing Elevator into the stream of commerce so

as to make it reasonably safe for intended and/or foreseeable uses.

43.

Upon information and belief, Defendant Fujitec breached the duty of care it owed to Plaintiffs by failing to implement necessary changes to its design and manufacturing processes even though it had become aware of a need for such changes prior to the sale of the Elevator.

44.

As a direct and proximate result of Defendant Fujitec's negligence in failing to properly design, manufacture, market, distribute, and sell the Elevator, Plaintiffs sustained the severe injuries, incurred significant medical expenses, and have suffered considerable pain and suffering, the full extent of which will be conclusively proven at trial.

**COUNT IV – NEGLIGENCE AGAINST DEFENDANT FUJITEC**

**(Negligence Claim Based on Failing to Warn)**

45.

Plaintiffs hereby realleges and incorporates by reference paragraphs 1 through 43 as though fully set forth and restated herein.

46.

At all times material hereto, Defendant Fujitec owed a duty to Plaintiff and other potential users of the Elevator in The Georgian Terrace Hotel to adequately warn purchasers and users of the Elevator, like Plaintiffs, of nonobvious foreseeable dangers at the time of sale of the Elevator.

47.

At all times material hereto, Defendant Fujitec also owed a continuing post-sale duty to

warn Plaintiff and other potential users of the Elevator in The Georgian Terrace Hotel of nonobvious foreseeable dangers arising from continued use of the Elevator, within a reasonable time of being apprised of such dangers.

48.

Upon information and belief, Defendant Fujitec breached the duty of care it owed to Plaintiffs by failing to adequately communicate warnings to purchasers and potential users of the Elevator and failing to provide adequate warning of the Elevator's potential risks.

49.

As a direct and proximate result of Defendant Fujitec's negligence in failing to adequately communicate warnings to purchasers and potential users of the Elevator and failing to provide adequate warning of the Elevator's potential risks Plaintiffs sustained the severe injuries, incurred significant medical expenses, and have suffered considerable pain and suffering, the full extent of which will be conclusively proven at trial.

**COUNT V – NEGLIGENCE PER SE AGAINST DEFENDANT FUJITEC**

50.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 48 as though fully set forth and restated herein.

51.

Upon information and belief, Defendant Fujitec was responsible for designing, manufacturing, marketing, distributing, selling, and/or otherwise placing Elevator into the stream of commerce.

52.

Under the ASME A17.1 Standards set forth by the American Society of Mechanical Engineers' Safety Code for Elevators and Escalators, a safety regulation applicable in Georgia, "a power operated car door or gate shall be provided with a reopening device which will function to stop and reopen a car door or gate and the adjacent hoistway door in the event that the car door or gate is obstructed while closing." *See McMurrain v. Schindler Elevator Corp.*, No. 1:04-CV-2747-TWT, 2006 U.S. Dist. LEXIS 52188, at *14 (N.D. Ga. July 13, 2006); *citing* Rule 112.5 of ASME A17.1.

53.

Defendant Fujitec breached the duty owed to Plaintiffs under Rule 112.5 of ASME A17.1, a safety regulation, by failing to keep the reopening device (if any) of the Elevator in a safe and functional operating condition.

54.

As a direct and proximate result of Defendant Fujitec's breach of the legal duties owed to Plaintiffs under Rule 112.5 of ASME A17.1, Plaintiffs sustained the severe injuries, incurred significant medical expenses, and have suffered considerable pain and suffering, the full extent of which will be conclusively proven at trial.

**<u>COUNT VI – LOSS OF CONSORTIUM</u>**

55.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 53 as though fully set forth and restated herein.

56.

Under Georgia law, a claim for loss of consortium may be asserted where evidence shows the loss of certain rights that grow out of the marriage relationship; it includes the exclusive right to the services of the spouse and to the society, companionship, and conjugal affection of each other. Where injury to a spouse causes the other spouse to suffer a loss of consortium, damages for such are recoverable from the party or parties that caused such injuries.

57.

As a direct and proximate result of Defendants' breach of the legal duties owed to Plaintiffs and as a direct and proximate result of the injuries sustained by Plaintiff Michael Sumner, Plaintiff Shannon Sumner has suffered a loss of consortium and is entitled to damages, the full extent of which will be conclusively proven at trial.

**COUNT VII – ATTORNEY'S FEES AND COSTS OF LITIGATION**

58.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 56 as though fully set forth and restated herein.

59.

Plaintiffs are entitled to an award of attorney's fees and the expenses of litigation because the actions on the part of Defendants as described herein show that Defendants acted in bad faith in the transactions and dealings surrounding the harm sustained by Plaintiffs. Defendants and their agents have been stubbornly litigious and have caused Plaintiffs unnecessary trouble and expense, entitling Plaintiffs to attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray and demand the following:

(a) That summons and process be issued, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

(b) That service be had upon Defendants;

(c) That judgment be rendered against Defendants in favor of Plaintiffs for compensatory damages and general damages;

(d) For injunctive relief as may be appropriate to prevent further injustices by Defendants, which will be proven at trial;

(f) For attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11 and other applicable law; and

(g) For such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of February, 2026.

**STORY LAW, LLC**

/s/ *William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
will@storylawllc.com
jackson@storylawllc.com

***Counsel for Plaintiff***

305 Lawrence Street NE, Suite 3C
Marietta, Georgia 30060
Telephone: (678) 222-2347

State Court of Fulton County
**E-FILED**
26EV001888
3/2/2026 11:48 AM
Donald Talley, Clerk
Civil Division

# AFFIDAVIT OF SERVICE

| **Case:**<br>26EV001888 | **Court:**<br>State Court of Fulton County | **County:**<br>, GA | **Job:**<br>15281116 (26EV001888) |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>Michael C. Sumner and Shannon Sumner | | **Defendant / Respondent:**<br>Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel, Fujitec America, Inc. | |
| **Received by:**<br>Phoenix Legal | | **For:**<br>Story Law, LLC | |
| **To be served upon:**<br>Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel, c/o Corporation Service Company | | | |

I, Frank James, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** ALISA SMITH, 2 Sun Court Suite 400, Peachtree Corners, GA 30092

**Manner of Service:** Registered Agent, Feb 26, 2026, 12:59 am EST

**Documents:** SUMMONS, COMPLAINT

**Additional Comments:**
1) Successful Attempt: Feb 26, 2026, 12:59 am EST at 2 Sun Court Suite 400, Peachtree Corners, GA 30092 received by ALISA SMITH. Age: 47; Ethnicity: African American; Gender: Female; Weight: 170; Height: 5'10"; Hair: Black; Eyes: Brown; Relationship: AUTHORIZED AGENT;

02/27/26

Frank James **Date**
179

Phoenix Legal
251 Springs Xing
Canton, GA 30114
(770) 873-6999

*Subscribed and sworn to before me by the affiant who is personally known to me.*

**Notary Public**

02/27/26

**Date** **Commission Expires**



State Court of Fulton County
**E-FILED**
26EV001888
3/27/2026 4:21 PM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MICHAEL C. SUMNER and<br>SHANNON SUMNER,<br><br>Plaintiff,<br><br>v.<br><br>SOTHERLY HOTELS, INC. d/b/a THE<br>GEORGIAN TERRACE HOTEL and<br>FUJITEC AMERICA, INC.,<br><br>Defendants. | Civil Action File No. 26EV001888 |

**DEFENDANT FUJITEC AMERICA, INC.'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Fujitec America, Inc. files its answer and defenses to Plaintiff's Complaint and respectfully shows the Court as follows:

**FIRST DEFENSE**

Plaintiff may not recover against this Defendant because this Defendant breached no legal duty owed to Plaintiff.

**SECOND DEFENSE**

Plaintiff may not recover against this Defendant because no act or omission of this Defendant was the proximate cause of the injuries complained of by Plaintiff.

**THIRD DEFENSE**

Plaintiff's Complaint fails to state claim against this Defendant for which relief may be granted.

**FOURTH DEFENSE**

This Defendant asserts its right of apportionment according to the provisions of O.C.G.A. § 51-12-33(b).

**FIFTH DEFENSE**

Plaintiff may only recover against this Defendant based on this Defendant's percentage of fault, if any, according to the provisions of O.C.G.A. § 51-12-31.

**SIXTH DEFENSE**

Plaintiff may not recover against this Defendant based on Plaintiff's failure to exercise ordinary care for Plaintiff's own safety.

**SEVENTH DEFENSE**

Plaintiff may not recover against this Defendant because Plaintiff's negligence exceeded the negligence, if any, of this Defendant.

**EIGHTH DEFENSE**

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

**NINTH DEFENSE**

In further response to Plaintiff's Complaint, this Defendant responds as follows:

**PARTIES, JURISDICTION, & VENUE**

1.

This Defendant admits the allegations in Paragraph 1 of Plaintiffs' Complaint.

2.

This Defendant admits the allegations in Paragraph 2 of Plaintiffs' Complaint.

3.

This Defendant admits the allegations in Paragraph 3 of Plaintiffs' Complaint.

4.

This Defendant admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5.

This Defendant admits the allegations in Paragraph 5 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

6.

This Defendant can neither admit nor deny the allegations in Paragraph 6 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

7.

This Defendant can neither admit nor deny the allegations in Paragraph 7 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

8.

This Defendant can neither admit nor deny the allegations in Paragraph 8 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

9.

This Defendant can neither admit nor deny the allegations in Paragraph 9 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

10.

This Defendant can neither admit nor deny the allegations in Paragraph 10 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

11.

This Defendant can neither admit nor deny the allegations in Paragraph 11 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

12.

This Defendant can neither admit nor deny the allegations in Paragraph 12 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

13.

This Defendant can neither admit nor deny the allegations in Paragraph 13 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same

14.

This Defendant can neither admit nor deny the allegations in Paragraph 14 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

15.

This Defendant can neither admit nor deny the allegations in Paragraph 15 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

16.

This Defendant can neither admit nor deny the allegations in Paragraph 16 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

17.

This Defendant can neither admit nor deny the allegations in Paragraph 17 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

18.

This Defendant can neither admit nor deny the allegations in Paragraph 18 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

19.

This Defendant can neither admit nor deny the allegations in Paragraph 19 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

20.

This Defendant can neither admit nor deny the allegations in Paragraph 20 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

21.

This Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27.

This Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

**COUNT I: NEGLIGENCE AGAINST DEFENDANT SOTHERLY**

28.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 27 of Plaintiff's Complaint as if fully restated herein.

29.

This Defendant can neither admit nor deny the allegations in Paragraph 29 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

30.

This Defendant can neither admit nor deny the allegations in Paragraph 30 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

31.

This Defendant can neither admit nor deny the allegations in Paragraph 31 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

**COUNT II: NEGLIGENCE PER SE AGAINST DEFENDANT SOTHERLY**

32.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 31 of Plaintiff's Complaint as if fully restated herein.

33.

This Defendant can neither admit nor deny the allegations in Paragraph 33 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

34.

This Defendant objects to the allegations in Paragraph 34 of Plaintiff's Complaint as they are not a statement of fact but a statement of law which would require this Defendant to admit to a legal conclusion or state a legal opinion.

35.

This Defendant can neither admit nor deny the allegations in Paragraph 35 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

36.

This Defendant can neither admit nor deny the allegations in Paragraph 36 of Plaintiff's Complaint for lack of sufficient information upon which to form a belief as to the truth of the matters asserted and, therefore, places Plaintiff on strict proof of same.

**COUNT III: NEGLIGENCE AGAINST DEFENDANT FUJITEC**
**(Negligence Claim Based on Failing to Properly maintain, service, inspect, repair, etc.)**

.

37.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 36 of Plaintiff's Complaint as if fully restated herein.

38.

This Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint

39.

This Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

**COUNT IV: NEGLIGENCE AGAINST DEFENDANT FUJITEC (Negligence Claim Based on Failing to Properly design, manufacture, market, distribute, sell, etc.)**

41.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 40 of Plaintiff's Complaint as if fully restated herein.

42.

This Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43.

This Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44.

This Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint.

**COUNT IV: NEGLIGENCE AGAINST DEFENDANT FUJITEC (Negligence Claim Based on Failing to Warn)**

45.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 44 of Plaintiff's Complaint as if fully restated herein.

46.

This Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47.

This Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48.

This Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49.

This Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

**COUNT V: NEGLIGENCE PER SE AGAINST DEFENDANT FUJITEC**

50.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 49 of Plaintiff's Complaint as if fully restated herein.

51.

This Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

52.

This Defendant objects to the allegations in Paragraph 52 of Plaintiff's Complaint as they are not a statement of fact but a statement of law which would require this Defendant to admit to a legal conclusion or state a legal opinion. Subject to and without waiving said objection, this Defendant denies any wrongdoing and further denies any action or inaction on its behalf was the proximate cause of any injury alleged by Plaintiffs.

53.

This Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54.

This Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint.

**COUNT VI: LOSS OF CONSORTIUM**

55.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 54 of Plaintiff's Complaint as if fully restated herein.

56.

This Defendant objects to the allegations in Paragraph 56 of Plaintiff's Complaint as they are not a statement of fact but a statement of law which would require this Defendant to admit to a legal conclusion or state a legal opinion. Subject to and without waiving said objection, this Defendant denies any wrongdoing and further denies any action or inaction on its behalf was the proximate cause of any injury alleged by Plaintiffs.

57.

This Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

**COUNT VII: ATTORNEY'S FEES AND COSTS OF LITIGATION**

58.

This Defendant incorporates by reference its defenses and responses to the allegations in Paragraphs 1 through 57 of Plaintiff's Complaint as if fully restated herein.

59.

This Defendant denies the allegations in Paragraph 59 of Plaintiff's Complaint.

All other allegations in Plaintiff's Complaint not otherwise hereinbefore responded to are denied. This Defendant denies Plaintiffs' prayer for relief and further denies that Plaintiffs are entitled to any recover against this Defendant.

WHEREFORE having fully answered, this Defendant respectfully requests that the instant civil action be inquired into and dismissed.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted this 27th day of March, 2026.

DREW ECKL & FARNHAM, LLP

*/s/ Robert A. Quinn*

Matthew A. Nanninga, Georgia Bar No. 159070
Robert A. Quinn, Georgia Bar No. 473668
*Attorneys for Defendant – Fujitec America, Inc.*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
mnanninga@deflaw.com
rquinn@deflaw.com

20010887v1
05102-328100

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing **Defendant Fujitec America, Inc.'s Answer and Defenses to Plaintiff's Complaint** upon all parties concerned by electronically filing a copy of the within and foregoing by using Odyssey eFileGA which will automatically send email notification of such filing to the following attorney of record as follows:

William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrenceville Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com

This 27th day of March, 2026.

*/s/ Robert A. Quinn*
Matthew A. Nanninga, Georgia Bar No. 159070
Robert A. Quinn, Georgia Bar No. 473668
*Attorneys for Defendant – Fujitec America, Inc.*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
mnanninga@deflaw.com
rquinn@deflaw.com

20010887v1
05102-328100

State Court of Fulton County
**E-FILED**
26EV001888
3/27/2026 9:43 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MICHAEL C. SUMNER and<br>SHANNON SUMNER, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action File<br>No. 26EV001888 |
| SOTHERLY HOTELS, INC. d/b/a<br>THE GEORGIAN TERRACE HOTEL;<br>FUJITEC AMERICA, INC. | ) | |
| Defendants. | ) | |

**5.2 CERTIFICATE OF SERVICE OF DISCOVERY**

Pursuant to Uniform Superior Court Rule 5.2, I hereby certify that on March 27, 2026, I served a true and correct copy of:

1. DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF MICHAEL C. SUMNER;
2. DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S FIRST INTERROGATORIES TO PLAINTIFF MICHAEL C. SUMNER;
3. DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MICHAEL C. SUMNER;
4. DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S FIRST INTERROGATORIES TO PLAINTIFF SHANNON SUMNER; and

5. DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SHANNON SUMNER

via **Statutory Electronic Service** upon all counsel of record as follows:

William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrence Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com
*Attorneys for Plaintiff*

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly Chartash***
KELLY G. CHARTASH
Georgia State Bar No. 602721
TRISHA D. HYATT
Georgia Bar No. 792667
*Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com

4928-4128-1941, v. 1

State Court of Fulton County
**E-FILED**
26EV001888
3/27/2026 9:43 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MICHAEL C. SUMNER and<br>SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC. d/b/a<br>THE GEORGIAN TERRACE HOTEL;<br>FUJITEC AMERICA, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File<br>No. 26EV001888 |

**NOTICE OF LEAVE OF ABSENCE**

**Kelly G. Chartash** respectfully notifies all judges before whom she has cases pending, all affected clerks of the court, and all opposing counsel that she will be on leave pursuant to Georgia Uniform Court Rule 16.

1.

The periods of leave during which time Applicant will be away from the practice of law are:

- **January 1-5, 2026**
- **January 22-27, 2026**
- **February 16-17, 2026**
- **February 26, 2026**
- **March 16, 2026**
- **April 6-10, 2026**
- **May 22-29, 2026**
- **September 21-25, 2026**
- **October 12, 2026**
- **November 23-27, 2026**
- **December 21-31, 2026**

2.

The purpose of these leaves is that she will be out of the office on vacations, conferences, or away from the practice of law during these time periods. There are no proceedings scheduled during the requested time period as of the filing date of this Request.

3.

All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be effective.

Respectfully submitted this 27th day of March, 2026.

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly Chartash***
KELLY G. CHARTASH
Georgia State Bar No. 602721
TRISHA D. HYATT
Georgia Bar No. 792667
*Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I electronically filed **NOTICE OF LEAVE OF ABSENCE** with the Clerk of Court via Odyssey eFileGA, which will send automatic notification to the following:

William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrence Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com
*Attorneys for Plaintiff*

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly Chartash***
KELLY G. CHARTASH
Georgia State Bar No. 602721
TRISHA D. HYATT
Georgia Bar No. 792667
*Attorneys for Defendant*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com

4928-4128-1941, v. 1

State Court of Fulton County
**E-FILED**
26EV001888
3/27/2026 9:43 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MICHAEL C. SUMNER and SHANNON SUMNER, | ) | |
| Plaintiffs, | ) | Civil Action File No. 26EV001888 |
| v. | ) | |
| SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL; FUJITEC AMERICA, INC. | ) | |
| Defendants. | ) | |

**DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

COMES NOW Defendant, SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL ("Defendant Sotherly" or "this Defendant"), in the above-captioned matter, by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs' Complaint for Damages, and shows this Court as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant Sotherly and should be dismissed pursuant to O.C.G.A. § 9-11-12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint against Defendant Sotherly should be dismissed as this Defendant is an improper party to the instant matter.

**THIRD AFFIRMATIVE DEFENSE**

Defendant Sotherly is not liable to Plaintiffs because Defendant Sotherly did not owe any duty to Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant Sotherly is not liable to Plaintiffs because Defendant Sotherly and its agents did not breach any duty owed to Plaintiffs with regard to the allegations of Plaintiffs' Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

The injuries and damages alleged by Plaintiffs were not proximately caused by any negligence on the part of this Defendant or any entity or person for whose actions this Defendant was legally liable. To the extent that Plaintiffs' damages were a result of negligence, said negligence would be the proximate cause of the actions of entities or persons other than this Defendant or its agents.

**SIXTH AFFIRMATIVE DEFENSE**

If the evidence shows that Plaintiffs were negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of Defendant Sotherly, then Plaintiffs are not entitled to damages.

**SEVENTH AFFIRMATIVE DEFENSE**

If the evidence shows that the Plaintiffs were comparatively negligent in bringing about the injuries and damages set forth in the Complaint, but said negligence was less than any negligence found on behalf of Defendant Sotherly or its agent, any award of damages to Plaintiffs should be reduced to the extent of Plaintiffs' own negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover against Defendant Sotherly because Plaintiffs, by the exercise of ordinary care, could have avoided the consequences of any act, or failure to act, by Defendant Sotherly or Defendant Sotherly's agents.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover because Plaintiffs' alleged damages were not proximately caused by any act or omission of Defendant Sotherly.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs failed to mitigate Plaintiffs' damages, if any, Plaintiffs' damages must be reduced to the extent of Plaintiffs' failure to mitigate.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant Sotherly is entitled to a set-off for any amount paid to Plaintiffs by any other entity as a result of the alleged incident that forms the basis of Plaintiffs' Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover because Plaintiffs' damages, if any, are a direct and proximate cause of Plaintiffs' failure to exercise reasonable care for their own safety.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendant Sotherly asserts the defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiffs to exercise ordinary care for their own safety, failure to avoid consequences, failure to mitigate damages, and last clear chance.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The alleged dangerous condition that allegedly caused Plaintiffs' injuries was readily apparent and open and obvious.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by assumption of risk.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The medical expenses alleged as damages include expenses which are neither reasonable nor necessary.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to attorneys' fees and expenses of litigation under O.C.G.A. §13-6-11, or otherwise, from Defendant Sotherly.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover attorney fees pursuant to O.C.G.A. § 13-6-11 because Plaintiffs failed to show any evidence of bad faith and there is a bona fide controversy regarding liability and damages. *See* Lowery v. Roper, 293 Ga. App. 243, 243 (2008).

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant Sotherly pleads all other affirmative defenses afforded to it under O.C.G.A. § 9-11-8.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant Sotherly hereby specifically retains (and denies any waiver of) any and all affirmative defenses available to it that become evident during the course of discovery.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant Sotherly reserves the right to assert any and all additional defenses that arise during the course of this litigation, and reserves the right to amend this Answer to assert such defenses.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant Sotherly responds to the specifically enumerated paragraphs of Plaintiffs' Complaint as follows:

**PARTIES, JURISDICTION, & VENUE**

1.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

Defendant Sotherly admits that it is a foreign corporation authorized to conduct business in the State of Georgia, with its principal place of business located in Virginia. Defendant Sotherly admits that it may be served through its registered agent of service located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant Sotherly denies the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint, as phrased.

3.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendant Sotherly admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint as to this Defendant. Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore denies the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendant Sotherly admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint as to this Defendant. Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

6.

Defendant Sotherly denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint, as phrased.

7.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant Sotherly denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint, as phrased.

9.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendant Sotherly denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint, as phrased.

11.

Defendant Sotherly denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint, as phrased.

12.

Defendant Sotherly denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint, as phrased.

13.

Defendant Sotherly denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint, as phrased.

14.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendant Sotherly denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint, as phrased.

20.

Defendant Sotherly denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint, as phrased.

21.

Defendant Sotherly denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint, as phrased.

22.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendant Sotherly denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint, as phrased.

27.

Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

**COUNT I – NEGLIGENCE AGAINST DEFENDANT SOTHERLY**

28.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 27 of its Answer as expressly set forth herein.

29.

Defendant Sotherly denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint, as phrased.

30.

Defendant Sotherly denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

Defendant Sotherly denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

**COUNT II – NEGLIGENCE PER SE AGAINST DEFENDANT SOTHERLY**

32.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 31 of its Answer as expressly set forth herein.

33.

Defendant Sotherly denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint, as phrased.

34.

Paragraph 34 of Plaintiffs' Complaint appears to state a legal conclusion, to which Defendant Sotherly is not required to respond. To the extent a response is required, Defendant

Sotherly denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint to the extent it is contrary to established Georgia law.

35.

Defendant Sotherly denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendant Sotherly denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

**COUNT III – NEGLIGENCE AGAINST DEFENDANT FUJITEC**

**(Negligence Claim Based on failing to Properly maintain, service, inspect, repair, etc.)**

37.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 36 of its Answer as expressly set forth herein.

38.

Paragraph 38 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Paragraph 39 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Paragraph 40 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

**COUNT IV – NEGLIGENCE AGAINST DEFENDANT FUJITEC**

**(Negligence Claim Based on Failing to Properly design, manufacture, market, distribute, sell, etc.)**

41.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 40 of its Answer as expressly set forth herein.

42.

Paragraph 42 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

Paragraph 43 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

Paragraph 44 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

**COUNT IV [*sic.*] – NEGLIGENCE AGAINST DEFENDANT FUJITEC**

**(Negligence Claim Based on Failing to Warn)**

45.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 44 of its Answer as expressly set forth herein.

46.

Paragraph 46 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

Paragraph 47 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.

Paragraph 48 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.

Paragraph 49 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

**COUNT V – NEGLIGENCE PER SE AGAINST DEFENDANT FUJITEC**

50.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 49 of its Answer as expressly set forth herein.

51.

Paragraph 51 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

Paragraph 52 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Paragraph 52 of Plaintiffs' Complaint appears to state a legal conclusion, to which Defendant Sotherly is not required to respond. To the extent a response is required, Defendant Sotherly denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint to the extent it is contrary to established Georgia law.

53.

Paragraph 53 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.

Paragraph 54 of Plaintiffs' Complaint is not alleged against Defendant Sotherly. Out of an abundance of caution, Defendant Sotherly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiffs' Complaint and therefore denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

**COUNT VI – LOSS OF CONSORTIUM**

55.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 54 of its Answer as expressly set forth herein.

56.

Paragraph 56 of Plaintiffs' Complaint appears to state a legal conclusion, to which Defendant Sotherly is not required to respond. To the extent a response is required, Defendant Sotherly denies the remaining allegations contained in Paragraph 56 of Plaintiffs' Complaint to the extent it is contrary to established Georgia law.

57.

Defendant Sotherly denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

**COUNT VII – ATTORNEY'S FEES AND COSTS OF LITIGATION**

58.

Defendant Sotherly incorporates and re-alleges its responses contained in Paragraphs 1 through 57 of its Answer as expressly set forth herein.

59.

Defendant Sotherly denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.

All other allegations contained in Plaintiff's Complaint, including Plaintiff's prayer for relief, including all subparts, not herein admitted or denied are hereby denied by Defendant Sotherly.

WHEREFORE, having fully answered, Defendant, SOTHERLY HOTELS, INC., respectfully requests that this Court:

a) dismiss Plaintiff's Complaint with prejudice;

b) award Defendant Sotherly its reasonable attorney's fees and costs incurred in asserting its rights through this action;

c) grant Defendant Sotherly a jury trial of twelve (12) jurors; and

d) award Defendant Sotherly such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of March, 2026.

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly Chartash***
KELLY G. CHARTASH
Georgia State Bar No. 602721
TRISHA D. HYATT
Georgia Bar No. 792667
*Attorneys for Defendant Sotherly Hotels, Inc.*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I electronically filed **DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES** with the Clerk of Court via Odyssey eFileGA, which will send automatic notification to the following:

William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrence Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com
*Attorneys for Plaintiff*

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly Chartash***
KELLY G. CHARTASH
Georgia State Bar No. 602721
TRISHA D. HYATT
Georgia Bar No. 792667
*Attorneys for Defendant Sotherly Hotels, Inc.*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
404-874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com

4925-0948-0087, v. 1

State Court of Fulton County
**E-FILED**
26EV001888
4/27/2026 5:27 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| MICHAEL C. SUMNER and SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC d/b/a THE GEORGIAN TERRACE HOTEL; FUJITEC AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 26EV001888 |

**PLAINTIFF MICHAEL C. SUMNER'S RULE 5.2 CERTIFICATE OF SERVICE**

COMES NOW, Plaintiff Michael C. Sumner, Plaintiff in the above-captioned action and, pursuant to Superior Court Uniform Rule 5.2 certifies that the following discovery requests have this date been served upon counsel for Defendant Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel:

(1) Plaintiff Michael C. Sumner's Responses to Defendant Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel's First Requests for Admission to Plaintiff Michael C. Sumner.

Respectfully submitted this 27th day of April, 2026.

**STORY LAW, LLC**

/s/ *William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
will@storylawllc.com
jackson@storylawllc.com
*Counsel for Plaintiffs*

800 Kennesaw Avenue
Suite 300
Marietta, Georgia 30060
Telephone: (678) 222-2347

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MICHAEL C. SUMNER and SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC d/b/a THE GEORGIAN TERRACE HOTEL; FUJITEC AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 26EV001888 |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing Rule 5.2 Certificate of Service upon the following through the Odyssey eFileGA filing system and/or by Statutory Electronic System, addressed as follows:

Kelly G. Chartash, Esq.
Trisha D. Hyatt, Esq.
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street N.E.
Suite 800
Atlanta, GA 30309
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com
*Attorneys for Defendant Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel*

[*Signatures to Follow*]

**STORY LAW, LLC**

*/s/ William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
*Counsel for Plaintiffs*

800 Kennesaw Avenue
Suite 300
Marietta, GA 30060
(678) 222-2347
will@storylawllc.com
jackson@storylawllc.com

State Court of Fulton County
**E-FILED**
26EV001888
5/12/2026 11:56 AM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

MICHAEL C. SUMNER and
SHANNON SUMNER,

Plaintiff,

v.

SOTHERLY HOTELS, INC. d/b/a THE
GEORGIAN TERRACE HOTEL and
FUJITEC AMERICA, INC.,

Defendants.

Civil Action File No. 26EV001888

**RULE 5.2 CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the following documents:

1. **Defendant Fujitec America, Inc.'s First Continuing Interrogatories to Plaintiff Michael C. Sumner;**
2. **Defendant Fujitec America, Inc.'s First Requests for Production of Documents to Plaintiff Michael C. Sumner;**
3. **Defendant Fujitec America, Inc.'s First Continuing Interrogatories to Plaintiff Shannon Sumner;**
4. **Defendant Fujitec America, Inc.'s First Requests for Production of Documents to Plaintiff Shannon Sumner,**

upon all parties concerned by emailing a true copy thereof to each counsel of record to ensure proper delivery as follows:

William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrenceville Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com

This 12th day of May, 2026.

*/s/ Robert A. Quinn*
Robert A. Quinn, Georgia Bar No. 473668
*Attorney for Defendant - Fujitec America, Inc.*

DREW ECKL & FARNHAM, LLP
303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
rquinn@deflaw.com

20045406v1
05102-328100

State Court of Fulton County
**E-FILED**
26EV001888
5/18/2026 11:58 AM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MICHAEL C. SUMNER and SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC d/b/a THE GEORGIAN TERRACE HOTEL; FUJITEC AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 26EV001888 |

**PLAINTIFFS' RULE 5.2 CERTIFICIATE OF SERVICE OF DISCOVERY**

COME NOW, Plaintiffs Michael and Shannon Sumner, by and through their undersigned counsel of record, and pursuant to Georgia Uniform Superior Court Rule 5.2, hereby certify that the following discovery materials have this date been served upon counsel for Defendants:

(1) Plaintiff Michael Sumner's First Requests for Admission to Defendant Sotherly Hotels, Inc.;

(2) Plaintiff Michael Sumner's First Interrogatories to Defendant Sotherly Hotels, Inc.;

(3) Plaintiff Michael Sumner's First Request for Production of Documents to Defendant Sotherly Hotels, Inc.;

(4) Plaintiff Shannon Sumner's First Requests for Admission to Defendant Fujitec America, Inc.;

(5) Plaintiff Shannon Sumner's First Interrogatories to Defendant Fujitec America, Inc.;

(6) Plaintiff Shannon Sumner's First Request for Production of Documents to Defendant Fujitec America, Inc.

This 18th day of May, 2026.

**STORY LAW, LLC**

/s/ *William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
will@storylawllc.com
jackson@storylawllc.com

***Counsel for Plaintiffs***

800 Kennesaw Avenue NW, Suite 300
Marietta, Georgia 30060
Telephone: (678) 222-2347

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing to all parties / counsel of record either by statutory electronic mail, or by depositing a copy of same in the United States Mail with adequate postage affixed thereto, properly addressed as follows:

Kelly G. Chartash, Esq.
Trisha D. Hyatt, Esq.
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309

Matthew A. Nanninga, Esq.
Robert A. Quinn, Esq.
Drew Eckl & Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308

This 18th day of May, 2026.

**STORY LAW, LLC**

/s/ *William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
will@storylawllc.com
jackson@storylawllc.com

***Counsel for Plaintiffs***

State Court of Fulton County
**E-FILED**
26EV001888
5/18/2026 10:37 AM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| MICHAEL C. SUMNER and SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC d/b/a THE GEORGIAN TERRACE HOTEL; FUJITEC AMERICA, INC.,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 26EV001888 |

**PLAINTIFFS' RULE 5.2 CERTIFICIATE OF SERVICE OF DISCOVERY RESPONSES**

COME NOW, Plaintiffs Michael and Shannon Sumner, by and through their undersigned counsel of record, and pursuant to Georgia Uniform Superior Court Rule 5.2, hereby certify that the following discovery materials have this date been served upon counsel for Defendants:

(1) Plaintiff Michael Sumner's Responses to Defendant Sotherly's First Interrogatories to Plaintiff;

(2) Plaintiff Michael Sumner's Responses to Defendant Sotherly's First Request for Production of Documents to Plaintiff;

(3) Plaintiff Shannon Sumner's Responses to Defendant Sotherly's First Interrogatories to Plaintiff;

(4) Plaintiff Shannon Sumner's Responses to Defendant Sotherly's First Request for Production of Documents to Plaintiff.

Respectfully submitted, this 18th day of May, 2026.

**STORY LAW, LLC**

/s/ *William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
will@storylawllc.com
jackson@storylawllc.com

***Counsel for Plaintiffs***

800 Kennesaw Avenue NW, Suite 300
Marietta, Georgia 30060
Telephone: (678) 222-2347

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing to all parties / counsel of record either by statutory electronic mail, or by depositing a copy of same in the United States Mail with adequate postage affixed thereto, properly addressed as follows:

Kelly G. Chartash, Esq.
Trisha D. Hyatt, Esq.
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309

Matthew A. Nanninga, Esq.
Robert A. Quinn, Esq.
Drew Eckl & Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308

Respectfully submitted this 18th day of May, 2026

**STORY LAW, LLC**

/s/ *William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
will@storylawllc.com
jackson@storylawllc.com

***Counsel for Plaintiffs***

# EXHIBIT B

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MICHAEL C. SUMNER and<br>SHANNON SUMNER,<br><br>Plaintiffs,<br><br>v.<br><br>SOTHERLY HOTELS, INC. d/b/a<br>THE GEORGIAN TERRACE HOTEL;<br>FUJITEC AMERICA, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File<br>No. 26EV001888 |

**PLAINTIFF MICHAEL C. SUMNER'S RESPONSES TO DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF MICHAEL C. SUMNER**

COMES NOW Plaintiff, MICHAEL C. SUMNER ("Plaintiff"), by and through the undersigned counsel, and hereby serves this Response to Defendant Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel's First Request for Admissions to Plaintiff MICHAEL C. SUMNER ("Plaintiff"), pursuant to O.C.G.A. §

**RESPONSES TO REQUESTS FOR ADMISSION**

1. Please admit that the amount in controversy in the instant matter is $75,000.00 or less.

**RESPONSE: Denied.**

2. Please admit that you will not seek damages greater than $75,000.00 in the instant matter.

**RESPONSE: Denied.**

Respectfully submitted this 27th day of April, 2026.

**STORY LAW, LLC**

*/s/ William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
*Attorneys for Plaintiffs*

800 Kennesaw Avenue
Suite 300
Marietta, GA 30060
(678) 222-2347
will@storylawllc.com
jackson@storylawllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2026, I served **PLAINTIFF MICHAEL C. SUMNER RESPONSES TO DEFENDANT SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF MICHAEL C. SUMNER** via ***Statutory Electronic Service*** to counsel of record:

Kelly G. Chartash, Esq.
Trisha D. Hyatt, Esq.
Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street N.E.
Suite 800
Atlanta, GA 30309
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com
*Attorneys for Defendant Sotherly Hotels, Inc. d/b/a The Georgian Terrace Hotel*

**STORY LAW, LLC**

/s/ *William R. Story*
William R. Story
Georgia Bar No. 340477
Jackson A. Griner
Georgia Bar No. 495020
will@storylawllc.com
jackson@storylawllc.com
*Attorneys for Plaintiffs*

800 Kennesaw Avenue
Suite 300
Marietta, Georgia 30060
Telephone: (678) 222-2347

# EXHIBIT C

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MICHAEL C. SUMNER and SHANNON SUMNER, | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action File No. 26EV001888 |
| v. | ) | |
| SOTHERLY HOTELS, INC. d/b/a THE GEORGIAN TERRACE HOTEL; FUJITEC AMERICA, INC. | ) | |
| Defendants. | ) | |

**NOTICE OF FILING REMOVAL**

TO: William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrence Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com

Please take notice that Defendants on this date has filed its **Notice of Removal**, a copy of which is attached hereto as Exhibit A, with the Clerk of the Court of the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 26th day of May 2026.

SWIFT, CURRIE, McGHEE & HIERS, LLP

***/s/ Kelly G. Chartash***
Kelly G. Chartash
Georgia Bar No. 602721
Trisha D. Hyatt
Georgia Bar No. 792667
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
(404) 874-8800
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com
*Attorneys for Defendant Sotherly Hotels, Inc.*

DREW ECKL & FARNHAM, LLP

***/s/ Robert A. Quinn***
Matthew A. Nanninga
Georgia Bar No. 159070
Robert A. Quinn
Georgia Bar No. 473668
(*with express permission to Kelly G. Chartash*)
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
(404) 885-1400
cdaley@brockmaninjurylawyer.com
jbrockman@brockmaninjurylawyer.com
*Attorneys for Defendant Fujitec America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a copy of the within and foregoing **NOTICE OF FILING REMOVAL** with the Clerk of Court via Odyssey eFileGA, which will automatically send notification of such filing to the following attorneys of record:

William R. Story
Jackson A. Griner
Story Law, LLC
305 Lawrence Street NE, Suite 3C
Marietta, GA 30060
will@storylawllc.com
jackson@storylawllc.com
*Attorneys for Plaintiff*

Matthew A. Nanninga
Robert A. Quinn
Drew Eckl & Farnham, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
mnanninga@deflaw.com
rquinn@deflaw.com
*Attorneys for Defendant Fujitec America, Inc.*

This 26th day of May, 2026.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

***/s/ Kelly Chartash***
KELLY G. CHARTASH
Georgia State Bar No. 602721
TRISHA D. HYATT
Georgia Bar No. 792667
*Attorneys for Defendant Sotherly Hotels, Inc.*

1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3231
404-874-8800 (telephone)
470-600-5990 (fax)
kelly.chartash@swiftcurrie.com
trisha.hyatt@swiftcurrie.com

4901-1273-7709, v. 1